IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LAVERNE J. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 25-2066-STA-cgc |
| | ) | |
| REGIONAL ONE HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE FOR DISMISSAL WITHOUT PREJUDICE
FOR FAILURE TO PROSECUTE
AND DENYING DEFENDANT'S MOTIONS TO DISMISS AS MOOT
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Laverne J. Jackson filed this pro se lawsuit against her former employer, Regional One Hospital, on January 1, 2025.[1] Plaintiff alleges that she experienced retaliation, discrimination, and harassment on the basis her age. She also claims that she was subjected to a hostile work environment. Defendant filed a motion to dismiss on April 28, 2025. (ECF No. 12.) In response, on May 15, 2025, Plaintiff filed a motion to amend her complaint. (ECF Nos. 13-14.) She filed an attachment to her motion on May 23. (ECF No. 15.)  Plaintiff's amended complaint mooted Defendant's motion to dismiss. *See B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008) ("[A] prior 'complaint is a nullity, because an amended complaint super[s]edes all prior complaints[.]'" (citation omitted)).  Defendant filed a response

---

[1] Defendant's motion to dismiss clarifies that it is actually Shelby County Health Care Corporation d/b/a Regional One Health.

to the motion to amend on May 27, 2025, stating that it had no objection to Plaintiff's motion. (ECF No. 16.)

On May 29, 2025, Defendant filed a second motion to dismiss. (ECF No. 19.) Plaintiff had twenty-eight days in which to respond to the motion according to the Local Rules of this Court (LR 12.1). However, no response was filed. Accordingly, on September 10, 2025, the Magistrate Judge ordered Plaintiff to show cause within fourteen days of the order "why the Court should not consider the Motion on the record before it and file a Report and Recommendation recommending that the District Court enter an Order granting the Motion." (Ord. p.1, ECF No. 20.)  The Clerk was directed to mail a copy of the order to Plaintiff. (*Id.*). The order stated in bolded capital letters that Plaintiff's "**FAILURE TO RESPOND TO THIS ORDER WILL RESULT IN A RECOMMENDATION FOR DISMISSAL OF THIS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**." (*Id.* at p. 2.)  Plaintiff did not respond to the order to show cause within the requisite time.

Therefore, on September 26, 2025, the Magistrate Judge issued a report and recommendation that the lawsuit be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) and the motions to dismiss be denied as moot. (Rep. & Rec. pp. 2-3, ECF No. 21.) Plaintiff filed a timely objection to the report on October 8, 2025. (ECF No. 22.)  In her objection, Plaintiff emphasizes her pro se status and unfamiliarity with the Rules of this Court. She states that she did not understand that she must respond to Defendant's second motion to dismiss in light of her amended complaint. She contends that she "was under the impression" that the order to show cause was directed at Defendant (despite the language ordering **Plaintiff** to show cause) and that Defendant was supposed to respond to the order – not her. (Obj. p. 1, ECF No. 22.) She also mentions that she has had problems with PACER (Public Access to Court Electronic Records).

2

If a party objects within the allotted time to a Report and Recommendation, as did Plaintiff, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b). Parties must file specific objections. "[T]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Because a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object," *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991), to the extent that Plaintiff has made "vague, general, or conclusory objections," such as recitations from previous pleadings, those objections are waived, and the Court will consider only the portions of the Report and Recommendation to which Plaintiff has made specific objections.

The Court will first address Plaintiff's reliance on her pro se status to excuse her failure to comply with the Court's Rules and orders. As explained in *Maier v. Bounds Performance, Inc.*, 2022 WL 22863975, at *1 (M.D. Tenn. Oct. 19, 2022),

> While pro se litigants are entitled to some indulgences, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), "the lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and "pro se parties must follow the same rules of procedure that govern other litigants," *Aug. v. Caruso*, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015). *See also, Looper v. Educ. Credit Mgmt. Corp.*, 2008 WL 2965887, at *8 (E.D. Tenn. July 30, 2008) (plaintiff's "pro se status does not exempt him from complying with the rules of procedure."); *Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for pro se litigants, even pro se litigants are obligated to follow these rules").

Being a pro se litigant does not permit a party to ignore a court's clearly communicated deadline. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Plaintiff's objection indicates that she was aware of the order to show cause but thought that the order was directed at Defendant despite the clear language in the order that "**the Court ORDERS Plaintiff to show cause <u>within fourteen (14) days of the entry of this Order</u> as to why the Court should not consider the Motion on the record before it and file a Report and Recommendation recommending that the District Court enter an Order granting the Motion.**" (Ord. p. 1, ECF No 20.) The Magistrate Judge explicitly directed Plaintiff to show cause and even highlighted the directive by bolding the sentence and underlining a portion of the sentence. There is nothing in the order to show cause that would lead Plaintiff to believe that it required a response from Defendant instead of her. Moreover, the order specifically stated that the failure to respond would result in a recommendation for dismissal of the action for failure to prosecute. It is not credible that Plaintiff thought that Defendant should argue <u>against</u> dismissal of her lawsuit.

Plaintiff also mentions that she has had trouble with PACER. Even if this is true, the Magistrate Judge directed a copy of the order to show cause to be mailed to Plaintiff. The record does not show that the copy was returned to the Court, and Plaintiff has not stated that she did not receive a copy of the order in the mail. Finally, even now, Plaintiff has not addressed the arguments in Defendant's second motion to dismiss

The Court has reviewed the allegations of the complaint, the report and recommendation, and Plaintiff's objections and finds that the Magistrate Judge correctly applied the applicable law to Plaintiff's claims. Thus, the Court adopts the recommendation that all claims be dismissed without prejudice for failure to prosecute and that Defendant's motions to dismiss be denied as

4

moot. In summary, because the Magistrate Judge correctly determined that this matter should be dismissed without prejudice for failure to prosecute, Plaintiff's objections are **OVERRULED**, and the report and recommendation is **ADOPTED.**  Plaintiff's motion to amend her complaint (ECF No. 14) is **GRANTED**. Defendant's motions to dismiss (ECF Nos. 12, 19) are **DENIED** as moot.

<u>Appellate Issues</u>

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  *Id.*  It would be inconsistent for a district court to determine that the complaint should be dismissed for failure to prosecute but the action has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss the complaint also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[2]

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

Date:  October 20, 2025

---

[2] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.